IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CYNTHIA E. RHOADES**,

    Plaintiff,

v.

**STATE OF OREGON DEPARTMENT OF JUSTICE**,

    Defendant.

No. 3:18-cv-00123-SB

OPINION AND ORDER

**MOSMAN, J.,**

On January 8, 2019, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation (F&R) [31], recommending that Defendant's Motion to Dismiss [23] should be GRANTED. Plaintiff Cynthia Rhoades filed Objections to the F&R [33]. The State of Oregon Department of Justice ("the State") did not file a response.

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal

1 – OPINION AND ORDER

conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Ms. Rhoades brought claims against the State under Title I of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA). The State moved to dismiss on the basis of Eleventh Amendment sovereign immunity. Judge Beckerman found that the State was immune from suit on Ms. Rhoades's claims and recommended that I grant the Motion to Dismiss with leave to amend.

Ms. Rhoades objected to the F&R, arguing that 42 U.S.C. § 12202 abrogated state sovereign immunity for violations of the ADA. Obj. [33] at 2. Ms. Rhoades acknowledges that the Supreme Court held section 12202 to be an invalid abrogation of sovereign immunity for claims under Title I of the ADA. *See Bd. of Trs. v. Garrett*, 531 U.S. 356, 374 (2001). But she argues that the Court only invalidated section 12202 for suits seeking monetary damages. Obj. [33] at 3. Ms. Rhoades contends that the state does not enjoy immunity from suit for claims seeking injunctive relief under Title I of the ADA. I disagree.

Although *Garrett* held that Congress did not validly abrogate sovereign immunity for suits by private individuals seeking money damages under Title I of the ADA, the Court's holding extends to suits for injunctive relief as well. The Court suggested as much in in footnote that applies to the present case: "Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced . . . by private individuals in actions for injunctive relief under *Ex parte Young*." *Garrett*, 531 U.S. at 374 n.9. The Ninth Circuit has interpreted *Garrett*

to preserve the States' sovereign immunity, not merely the immunity from suit for monetary damages. *See, e.g., Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1040 (9th Cir. 2003) (citing *Garrett*, 531 U.S. at 360) ("Congress may not abrogate the sovereign immunity of states for suits under Title I of the ADA . . . ."). Therefore, Judge Beckerman correctly found that Ms. Rhoades' ADA claims are barred by the Eleventh Amendment.

## CONCLUSION

Upon review, I agree with Judge Beckerman's recommendation and I ADOPT the F&R [31] as my own opinion. The State's Motion to Dismiss [23] is GRANTED. Plaintiff is given thirty days from the date of this order in which to file an amended complaint.

IT IS SO ORDERED.

DATED this \_\_\_ day of March, 2019.

                                                      MICHAEL W. MOSMAN
                                                    Chief United States District Judge